# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

CHARLES ANTHONY GADSON, JR., )
)
    Plaintiff, )
)
v. )
) Case No. CV409-029
AL ST. LAWRENCE, Sheriff; )
CHATHAM COUNTY )
SHERIFF DEPARTMENT, )
)
    Defendants. )

## REPORT AND RECOMMENDATION

The Court *sua sponte* vacates its February 23, 2009 Report and Recommendation (R&R) (doc. 5) and substitutes the following. Charles Gadson, Jr. has filed a 42 U.S.C. § 1983 form complaint against the "Chatham County Sheriff's Department."[1] Doc. 1 at 1, 3. He also moves for leave to proceed *in forma pauperis*. Doc. 2. He alleges that he is presently confined in the Chatham County Detention Center, has

---

[1] The Court takes judicial notice of the fact that Al St. Lawrence is the current sheriff of Chatham County, Georgia. *See* http://www.chathamsheriff.org/sheriff.htm (site as of Mar. 6, 2009). He also is the head of the county's jail system. http://www.chathamsheriff.org/correctionstruct.htm (site as of Mar. 6, 2009). The Court has amended the caption to include defendant "Al St. Lawrence," who is named in the body of the complaint. Doc. 1 at 3. All subsequent filings shall conform.

administratively exhausted his institutional remedies, and has been held, pursuant to a warrant "never signed by a judge," since August 18, 2007. Doc. 1 at 3.

Gadson does not say whether he has sought judicial relief in the state court system. He does say, however, that he wrote *this* Court and that this Court's Clerk has confirmed "that no warrant was ever issued for [him]," then furnished him with the § 1983 lawsuit form that he used to file this case. *Id.* For relief, he states that he wants his "charges dropped and also some form of financial relief for being incarcerated over a year." *Id.* Attached to Gadson's complaint is a copy of a state court "Criminal Warrant" showing his name but bearing no "deponent" or judge signatures. *Id.* at 5.

A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. Section 1915A requires a district court to screen the complaint for cognizable claims as soon as possible after docketing. The court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which

relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

*Pro se* pleadings are held "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Sec'y for Dep't of Corr.*, 2008 WL 5377741 at * 1 (11th Cir. Dec. 24, 2008) (unpublished), but a "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007) (quotations omitted). Hence, "'the plaintiff's factual allegations, when assumed to be true, "must be enough to raise a right to relief above the speculative level.'" *United Technologies Corp. v. Mazer*, ___ F.3d ___, 2009 WL 263329 at * 4 (11th Cir. Feb. 5, 2009) (quoting *Twombly*, 127 S.Ct. at 1964-65). That means the Court cannot simply "fill in the blanks" for him. *See Bivens v. Roberts*, 2009 WL 411527 at * 3 (S.D.Ga. Feb. 18, 2009) (unpublished) ("judges must not raise issues and arguments on plaintiffs' behalf, but may only construe pleadings liberally given the linguistic imprecision that untrained legal minds sometimes employ") (citing *Miller*

*v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008)).

Under § 1983, one may invoke constitutional protections to redress wrongful arrest and detention. "A warrantless arrest without probable cause violates the Constitution and forms the basis of for a section 1983 claim." *Marx v. Gumbinner*, 905 F.2d 1503, 1505 (11th Cir. 1990). Similarly, an officer who knowingly makes false statements in an arrest affidavit concerning the presence of probable cause may also be liable. *Malley v. Briggs*, 475 U.S. 335, 346 (1986); *see Jones v. Cannon*, 174 F.3d 1271, 1285 (11th Cir. 1990). So typing a person's name into a blank warrant and using *only* that warrant—i.e., with no underlying probable cause, much less any impartial judicial determination of probable cause or issuance of the warrant—to arrest and indefinitely detain someone supports a Fourth Amendment false arrest/imprisonment claim under § 1983. *See, e.g.*, *Ortega v. Christian*, 85 F.3d 1521, 1526 (11th Cir. 1996) ("detention on the basis of a false arrest presents a viable section 1983 action").

Arrestees also have a right to a prompt judicial determination of whether an arresting officer had probable cause to make a warrantless

arrest before the government can place any extended restraint on the arrestee's liberty. *Gerstein v. Pugh*, 420 U.S. 103, 116-17 (1975). A probable cause determination held within 48 hours of arrest is presumptively valid. *County of Riverside v. McLaughlin*, 500 U.S. 44, 56-57 (1991). Where that is not done, the government must show that it was prevented by an emergency or extraordinary circumstances to avoid a Fourth Amendment violation. *Id.* at 57.

Gadson claims that he has been "held illegally" since August 18, 2007 pursuant to an unsigned arrest warrant. But Gadson never alleges that the arresting officer lacked probable cause or that there has never been any judicial determination of probable cause. Doc. 1 at 4. Nor does he furnish any facts that would support such a finding. Moreover, his allegation that he was arrested upon an unsigned warrant, standing alone, does not establish a federal Fourth Amendment claim:

> Provided that a search warrant is applied for in person, the text of . . . the Fourth Amendment [does not require] the issuing authority to sign the warrant. See U.S. Const. amend. IV; Fed. R.Crim. P. 41(e)(3) (D) (limiting the requirement that an issuing authority must "immediately sign the original warrant" to telephonic warrants); *see also United States v. K. Pierce*, 493 F.Supp.2d 611, 640 (W.D.N.Y.2006). Instead, the Fourth Amendment dictates that a warrant shall not "issue"

5

unless it is supported by probable cause. U.S. Const. amend. IV. Generally, an issuing authority's finding of probable cause is conveyed via his or her signature on a warrant. However, signing a search warrant is just one of a number of methods that an issuing authority may use to signal that the warrant complies with the Fourth Amendment's probable cause requirement. *Accord Perrin v. City of Elberton*, No. 03-106, 2005 WL 1563530, at *8 (M.D.Ga. July 1, 2005) ("[W]hile an unsigned warrant may not be per se insufficient under the Fourth Amendment, it must be clear to the arresting officers that the substantive requirements of the Fourth Amendment were met—that a neutral and detached magistrate made a finding of probable cause."); *United States v. Evans*, 469 F.Supp.2d 893, 897 (D.Mont.2007) ("Issuance serves to demonstrate that a neutral and detached magistrate has reviewed the warrant application and affidavit and made an independent and objective determination that probable cause exists to justify the search."). In the absence of a signature, "a court may consider other evidence that the judge found probable cause and approved the warrant." *Perrin*, 2005 WL 1563530, at *8; *see also United States v. Hondras*, 296 F.3d 601, 602 (7th Cir.2002) (stating that issuance is "not synonymous with signing"); *Evans*, 469 F.Supp.2d at 897 (stating that issuance requires that a warrant "contain some indication that the search is officially authorized"). To hold otherwise would elevate form over substance and allow inadvertent, procedural errors to vitiate substantively valid warrants. *Accord United States v. Turner*, 558 F.2d 46, 50 (2d Cir.1977) (referring to the issuing authority's responsibility to sign a search warrant as a "purely ministerial task" and holding that the Fourth Amendment is satisfied provided that he or she "performs the substantive tasks of determining probable cause and authorizing the issuance of the warrant").

*United States v. Jackson*, 2008 WL 185803 at * 2 (M.D.Pa. Jan. 17, 2008)

(unpublished); *see United States v. Futch*, CR603-06, doc. 86 (S.D.Ga. Jul. 14, 2003) (unpublished) (state law aside,[2] Fourth Amendment not violated where evidence shows that search-warrant judge inadvertently failed to sign the warrant), *adopted*, doc. 90 (S.D.Ga. Aug. 7, 2003) (unpublished); *see also United States v. Cazares-Olivas*, 515 F.3d 726, 727-28 (7th Cir. 2008) (in securing telephonic search warrant for defendants' residence, agent's failure to prepare and read to magistrate judge a "proposed duplicate original warrant" and judge's failure to prepare and sign original warrant, as required by criminal procedural rule authorizing telephonic warrants, did not require exclusion of evidence seized during subsequent search; defendants received benefit of judge's impartial evaluation before search occurred, search was supported by probable cause, agent described with particularity the place to be searched and things to be seized, and

---

[2] In that case the Court paused to note a Georgia case where the *affiant* failed to sign *search* warrant paperwork--something that violated *state* (but not *federal*) law. *Futch*, CR603-06, doc. 86 at 7 (citing *State v. Barnett*, 220 S.E.2d 730, 732 (Ga.Ct.App. 1975) (attesting officer's failure to sign written complaint supporting issuance of search warrant was not a mere technical irregularity but was one which required suppression of evidence seized under the warrant); *accord Henry v. State*, 626 S.E.2d 511, 512-13 (Ga.Ct.App. 2006) (unless the complaint or affidavit is signed, it is invalid, and a search warrant cannot issue; since the officer's signature determines the validity of the affidavit and the search warrant, its absence cannot be considered a mere technical irregularity); *see generally* J.M. BURKOFF, SEARCH WARRANT LAW DESKBOOK § 6:4 (form of oath or affirmation) (Feb. 2009).

violation of procedural rule caused no injury to defendants).

The *Twombly* pleading standard, even as applied to pro se plaintiffs under *Haines*, simply does not permit a Court to "reverse-engineer" a plaintiff's complaint to infer facts supporting a claim for relief. While specific facts are not necessary under the notice pleading standard, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), a plaintiff must himself allege a non-conclusory claim showing that he is entitled to relief. *Rogers v. Nacchio*, 241 F. App'x 602, 607 (11th Cir. 2007); *Lambert v. United States*, 98 F. App'x 835, 839 (11th Cir. 2006) (inmate's conclusory allegations were insufficient to establish a medical malpractice claim). A claim that Gadson is being "held illegally" is entirely conclusory and does not "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 127 S. Ct. at 1964 (citation and internal quotes omitted). Nor is the insufficiency of this claim rehabilitated by the further assertion that Gadson's arrest was pursuant to an unsigned warrant, for such warrants are not necessarily deficient in a constitutional sense. Thus, Gadson has not shown that he is entitled to any relief.

Even were Gadson's complaint construed to support some sort of

substantive claim, his claim nevertheless is still fatally flawed because he names only Al St. Lawrence and the Chatham County Sheriff's Department as defendants. Doc. 1 at 1, 3. Yet, he could recover no damages from St. Lawrence because

> he never alleges that the sheriff was personally involved in the constitutional deprivation or was even aware that [his] rights had been violated. (Doc. 9); *see Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990) (noting that a § 1983 plaintiff must demonstrate either that the individual defendant directly participated in the alleged constitutional deprivation or that there is some other causal connection between the official's acts or omissions and the alleged constitutional deprivation). Accordingly, [plaintiff] has failed to state a claim against Sheriff St. Lawrence.

*Dempsey v. Elmore*, No. CV407-141, doc. 10 at 5-6 n. 4 (S.D.Ga. June 4, 2008) (unpublished). And the Sheriff's Department is not an entity that is capable of being sued:

> Plaintiff alleges that the Chatham County Sheriff's Department violated his Fourth Amendment right to a timely probable cause hearing. (Doc. 9.) However,"[s]heriff's departments and police departments are not usually considered legal entities subject to suit." [*Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir.1992)]. The capacity of a sheriff's department to be sued is "'determined by the law of the state in which the district court is held.'" *Id.* (quoting Fed.R.Civ.P. 17(b) (1992) (amended 2007)). Courts have previously held that, in Georgia, sheriff's departments are not legal entities that are subject to suit. *See Lawal v. Fowler*, 196 Fed. App'x 765, 768 (11th Cir.2006) (unpublished), *Lovelace*

9

*v. Dekalb Cent. Probation*, 144 Fed. App'x 793, 795 (11th Cir.2005) (unpublished). Finding this authority persuasive, the Court holds that [plaintiff] cannot state a valid claim against the Chatham County Sheriff's Department because it is not subject to suit under 42 U.S.C. § 1983.

*Dempsey v. Elmore*, 2008 WL 4491475 at * 5 (S.D.Ga. Oct. 3, 2008) (unpublished).

Finally, to the extent that Gadson seeks release from prison, "his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). But before Gadson can pursue federal habeas relief in this Court, he must first exhaust his state remedies. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). An applicant for federal habeas relief has not exhausted his state remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Here, Gadson discloses that the state's criminal proceeding against him is still pending, as he is being held in a county jail under a state arrest warrant. Doc. 1 at 3, 4. Thus, he has an available state remedy (a petition to the state court for habeas relief), and he must exploit that option before he can seek habeas relief in this Court. *See* doc. 5. at 1 n. 1.

To summarize, the Court cannot "fill in the blanks" for the plaintiff, who has failed to plead the rudiments of a § 1983 claim. Accordingly, the Court advises the district judge to **DISMISS** his complaint **WITH PREJUDICE.**[3]

**SO REPORTED AND RECOMMENDED** this 9th day of March, 2009.

/s/ G.R. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[3] Normally, when a complaint is dismissed *with* prejudice under 28 U.S.C. § 1915(e)(2), res judicata will apply. *Harmon v. Webster*, 263 F. App'x 844, 845, 46 (11th Cir. 2008) (res judicata barred § 1983 action filed by *pro se* prisoner proceeding IFP against state court judges and prosecutor, where prior IFP proceeding asserting the same claims against same defendants was dismissed for failure to state a claim), *cert. denied*, ___S.Ct. ___ (Feb 23, 2009); *compare Welch v. Laney*, 57 F.3d 1004, 1009 (11th Cir. 1995) (district court properly dismissed *non*-inmate plaintiff's claim with prejudice, where court had allowed employee to amend her complaint twice in order to state claim on which relief could be granted, and employee failed to do so), *applied in Hernandez v. Fla. Dep't of Corr.*, 281 F. App'x 862, 868 (11th Cir. 2008) (implying that with-prejudice result should be determined based on whether prisoner had had a previous chance to amend his complaint).

In that regard, a full dismissal, even without prejudice, fetches a 28 U.S.C. § 1915(g) "strike." *See O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008) (dismissals of prisoner's prior complaints, because actions were frivolous, malicious, or failed to state a claim pursuant to Prison Litigation Reform Act, counted as strikes against bringing future IFP action even if dismissals were without prejudice and prisoner was not precluded from filing paid complaint). Thus, Gadson has collected a strike here.